United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>MONETTE STEPHENS, et al.,<br><br>Defendants. | Case No. 3:18-cv-05009-WHO<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**<br>Re: Dkt. No. 2 |

The *in forma pauperis* statute authorizes a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). I have reviewed plaintiff Carl Wescott's application to proceed *in forma pauperis* and I GRANT it. Dkt. No. 2.

The *in forma pauperis* statute also requires me to dismiss a case if at any time I determine that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

I have reviewed the complaint (Dkt. No. 1) and find that all of the claims are barred as a matter of law by the *Rooker-Feldman* doctrine. As such, Wescott's complaint fails to state any actionable federal claim and must be dismissed.

There are only three defendants named in Wescott's complaint: his ex-wife Monette Stephens, her attorney Terry A. Szucsko, and the Law Office of Terry A. Szucsko. Compl. ¶¶ 2– 4. All of his claims against these defendants stem from rulings Judges Anne-Christine Massullo and Linda Colfax made in Alameda County Superior Court.

Wescott and Stephens married on January 14, 2005, and they have three minor sons. Compl. ¶¶ 10–11. The two began having financial struggles in September 2010. *Id.* ¶ 14. After a

few years borrowing money from family and friends, the couple filed for joint bankruptcy in 2012. *Id.* ¶¶ 16–24. Wescott was denied a discharge in 2013. *Id.* ¶ 25. Wescott asserts that Stephens relied on false allegations of spousal abuse in order to preserve her discharge. *Id.* ¶¶ 28, 31.

Stephens allegedly attacked Wescott with a knife in January 2014, and he defended himself. *Id.* ¶ 32. He filed for divorce in June. *Id.* ¶ 33. The two reached agreements including one regarding the time Wescott would spend with the children. *Id.* ¶ 34. On February 24, 2014, after traveling to be present for his son's birthday, Wescott was served with a domestic violence restraining order ("DVRO"). *Id.* ¶¶ 35–36.

Wescott alleges he and Stephens reached an agreement with an attorney that he would pay her $15,000 in support each month. *Id.* ¶ 40. Wescott's financial situation deteriorated and he became homeless. *Id.* ¶ 42. Between December 2014 and May 2015, Stephens allegedly refused him numerous court-ordered visits and Skype calls with his sons. *Id.* ¶¶ 45, 48–49. She sought additional DVROs against Wescott, and in August 2015 Judge Colfax ordered Wescott have no contact with his children for a period of five years. *Id.* ¶¶ 52, 57.

Wescott was designated a vexatious litigant in November 2016. *Id.* ¶ 59. He alleges that Judge Massullo unfairly blocked several of his attempts to resume visitation with his children. *Id.* ¶¶ 60–61. On March 9, 2016, Judge Massullo ordered that Wescott provide $51,000 in support despite his assertion that he was homeless and had not had an income in years. *Id.* ¶¶ 66–68, 73.

Wescott argues that the defendants conspired with Judge Massullo and Judge Colfax to deny him access to his children and to impose support obligations he cannot pay. He complains of various actions the defendants and the judges took, including failing to give him notice of a DVRO hearing, considering improper evidence, granting DVROs against him, naming him a vexatious litigant, suborning perjury, refusing to consider evidence about his financial situation, ordering support payments he cannot afford, and adopting an erroneous psychological report. *See id.* ¶ 91.

Based on these allegations, Wescott asserts that: (i) the defendants deprived him of his life or liberty without due process of law and discriminated against him on the basis of gender in violation of 42 U.S.C. § 1983; (ii) Stephens violated the parties' agreement regarding a child

2

1  visitation schedule; (iii) the restraining order is unenforceable because it violates his rights under

2  the First and Fourteenth Amendments. Compl. Counts I, III, IV.[1]

3        Because all of Wescott's federal claims are based upon the actions and rulings of Judge

4  Massullo and Judge Colfax, they are barred as a matter of law by the *Rooker-Feldman* doctrine.

5  Under that doctrine, a plaintiff cannot complain in federal court about decisions reached in state

6  court. Instead, the plaintiff must pursue all appeals in state court and be bound by the final state

7  court determination. *See, e.g.*, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)

8  (noting that the Rooker-Feldman doctrine bars federal district courts "from exercising subject

9  matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment"); *see also*

10  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that *Rooker-Feldman*

11  barred a claim that "would require the district court to determine that the state court's decision was

12  wrong and thus void"). "This doctrine applies even when the challenge to the state court decision

13  involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891

14  (9th Cir. 1986).

15        Here, Wescott complains of a five-year restraining order against contact with his three

16  children, a $51,000-per-month support obligation, and a vexatious litigant designation. Any

17  challenge to the judges' interim or final orders, as well as any challenge to their conduct in those

18  proceedings, can only be addressed by appealing those orders and the final judgments through the

19  California state court system. Wescott cannot avoid the *Rooker-Feldman* doctrine by alleging that

20  the defendants conspired with the judges to deny his civil rights. Here, Wescott's damages are the

21  direct result of the state court decisions. Compl. ¶ 9; *see, e.g., Cooper v. Ramos*, 704 F.3d 772,

22  782 (9th Cir. 2012) ("The alleged conspiracy is a fig leaf for taking aim at the state court's own

23  alleged errors. It is precisely this sort of horizontal review of state court decisions that the *Rooker–*

24  *Feldman* doctrine bars.").

25        Wescott's federal claims are barred as a matter of law. Without a federal claim, I decline

26  to assert jurisdiction over his state law breach of contract claim. Accordingly, the complaint is

27

28  [1] The paragraph numbering starts over at one in count three. The complaint does not have a second cause of action.

3

DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October 29, 2018

William H. Orrick
United States District Judge